**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE LA. DOC #424229** | **CIVIL ACTION NO. 6:13-2146** |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **LAFAYETTE CITY POLICE DEPARTMENT, ET. AL.** | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 27, 2013. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names the Lafayette City Police Department and Sergeant Steven Bajat ("Bajat") as defendants.

Lavergne alleges that Sergeant Bajat made slanderous statements against him during an interview with "Dateline" which aired on national television after Lavergne pled guilty to the murders of Pate and Shunick and was sentenced to life imprisonment on each count. These statements include allegations that Bajat said the Lavergne killed twice, when Lavergne "never confessed to killing Lisa Pate" and "Shunick's death was self defense or at the most manslaughter", that Shunick's death was brutal, without

mentioning that Lavergne had been stabbed eight times by Shunick, that Bajat said Lavergne had a "dark side", that Lavergne would call escort services, dated several different women all over the place and that his "game" was to seduce them. These statements were allegedly made by Bajat to put Lavergne in a bad light and bolster Bajat's career. Bajat is also alleged to have been shown going through photographs which Lavergne alleges were obtained in violation of his Fourth Amendment rights.

Lavergne additionally complains that the Lafayette City Police Department had possession of his driver's license with the words "sex offender" on it, because the licence had been in his impounded truck, and that this license was shown on the television program to slander Lavergne. Moreover, Lavergne complains that the Lafayette City Police were the source of leaks, rumors and false allegations to the media about Lavergne, "with the singular goal of slandering [Lavergne] in the eyes of the public. . . . ."

By this action, Lavergne seeks actual and punitive damages for libel and slander and for the items stolen out of his truck and home without a warrant and released to the media.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count. In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count. Lavergne did not directly appeal his convictions or sentences. Post-Conviction relief has not been granted.[1] Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

**I. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its

---

[1]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

**II. *Heck v. Humphrey***

Lavergne seeks monetary damages from the Lafayette City Police Department and Sergeant Bajat for alleged false statements and unconstitutional seizure of evidence connected with the 2012 murder investigation of both Shunick and Pate, and subsequent state criminal proceeding, which resulted in Lavergne's conviction for the murder of Shunick and Pate, for which Lavergne is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish. These claims are barred by the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims concerning alleged false statements and unconstitutional seizure of evidence connected with the 2012 murder investigation and murder prosecution for the deaths of both Shunick and Pate would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional based on the alleged falsities and unconstitutional seizure of evidence, Lavergne stands convicted, and his convictions rely, in part, upon the seized evidence and the truth of the alleged false statements of the defendants. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his 2012 criminal prosecution and resulting convictions and sentences, are barred by *Heck.* The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**III. Lafayette City Police Department**

Despite the applicability of *Heck*, Lavergne's claims against the Lafayette City Police Department are additionally subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

For a plaintiff to sue a city department, it must enjoy a legal existence separate from the city. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Federal Rule of Civil Procedure 17 provides that parties must have the capacity to sue or be sued. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or

partnership." La. Civ. Code art. 24. *See Boudreaux v. Bourgeois,* 1999 WL 804080, *3 (E.D. La. 1999) *citing Norwood v. City of Hammond*, 1999 WL 777713 at *2-3 (E.D. La. 1999).

The undersigned has found no law, Constitutional, statutory, or otherwise, that confers upon the Lafayette City Police Department the authority to sue or be sued, or that entitles it to function independently of the City of Lafayette. Thus, the undersigned concludes that the Lafayette City Police Department is a department of the City of Lafayette, and not an individual, corporation, partnership, or unincorporated association; as such has no independent legal existence or the capacity to be sued. Jurisprudence confirms this finding. *Cormier v. Lafayette City Parish Consolidated Government,* 2011 WL 5156862 (W.D. La. 2011); *Batiste v. Bonin*, 2007 WL 1791219, *4 (W.D. La. 2007); *Domingue v. Lafayette City-Parish Consolidated Government*, 2008 WL 728654, *5 fn 13 (W.D. La. 2008).

In so concluding, the undersigned observes that it is well established in a number of other jurisdictions that police departments do not have an existence separate from the city they serve, and are thus not separate legal entities capable of being sued.[2] Thus, federal courts have consistently dismissed § 1983 claims against entities, such as police

[2]*See Darby,* 939 F.2d at 313 (under Texas law, police department in city organized under home rule charter may not be sued); *Norwood,* 1999 WL 777713 at *2-3; *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001); *Dunmars v. City of Chicago*, 22 F. Supp.2d 777, 780-81 (N.D. Ill.1998); *Cooper v. Parrish*, 20 F. Supp.2d 1204, 1211 (W.D. Tenn.1998), *aff'd in part, rvd and vacated in part on other grounds*, 203 F.3d 937 (6th Cir. 2000); *London v. Hamilton,* 1996 WL 942865 at *8 (W.D. N.C. 1996); *Boudreaux,* 1999 WL 804080 at *3 (same).

departments which are not amenable to suit in their own right.[3]

**IV. State Law Claims**

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[4]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any

---

[3]*See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not suable entity). The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and § 1983, but whether the Department is a legal entity subject to suit." *Dean*, 951 F.2d at 1214.

*See also Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981) (the county rather than the county jail is the legal entity with capacity to be sued); *Cozzo v. Tangipahoa Parish Counsel,* 279 F.3d 273, 283 (5th Cir. 2002) *citing Porche v. St. Tammany Parish Sheriff's Office,* 67 F.Supp.2d 631, 635 (E.D.La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit"); *Piearson v. Corrections Center Lafayette Parish,* 2006 WL 4012476, * (W.D. La. 2006) (same); *Walker v. Iberia Parish Sheriff Department,* 2007 WL 2127706, *1 (W.D. La. 2007) (same); *Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla.1996) (dismissing § 1983 claim against police department); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (same); *Norwood, supra.*(same) *; Boudreaux, supra*. (same); *Causey, supra.* (same); *Dillon v. Jefferson County Sheriff's Dept.,* 973 F. Supp. 626, 628 (E.D. Tex. 1997) (narcotics task force not a separate legal entity amenable to suit); *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (dismissing § 1983 claim against a sheriff department); *Rideau v. Jefferson County*, 899 F. Supp. 298, 301 (E.D. Tex. 1995) *citing Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir. 1993) (same).

[4]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, both Lavergne and Sergeant Bajat are Louisiana citizens. Accordingly, complete diversity is lacking.

pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendants will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above[5];

---

[5]Although Lavergne does not seek his immediate release from custody. The undersigned notes that such relief is not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (A *habeas corpus* petition is the proper vehicle to seek release from custody); *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

Further, the undersigned notes that any *habeas corpus* action which Lavergne could file would most probably be dismissed for failure to properly and fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1). Nothing suggests that Lavergne has exhausted his state court remedies by fairly presenting his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

**IT IS RECOMMENDED** that Lavergne's civil rights claims against the Lafayette City Police Department and Sergeant Bajat for alleged false statements and unconstitutional seizure of evidence connected with the 2012 murder investigation of both Shunick and Pate and subsequent state criminal proceeding be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's civil rights claims against the Lafayette City Police Department be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

**the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE