U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 25 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRANDON SCOTT LAVERGNE                    CIVIL ACTION NO. 6:13-2146
LA. DOC #424229
VS.                                        SECTION P

                                           JUDGE HAIK

LAFAYETTE CITY POLICE                      MAGISTRATE JUDGE HILL
DEPARTMENT, ET. AL.

## ORDER

Before the Court is a Motion to Reconsider filed by Brandon Scott Lavergne. [Rec. Doc. 20]. By this Motion, Lavergne seeks to have this Court reconsider its Judgment dismissing this case on grounds that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply to his claims. Lavergne additionally seeks to have this Court allow him to dismiss the Lafayette City Police Department to name the Chief of Police. Lavergne's Motion to Amend, including his request to add the Chief of Police as a defendant, was denied March 5, 2014. [Rec. Doc. 16]. After considering plaintiff's objections to the Report and Recommendation of the Magistrate Judge, including his objection to the applicability of *Heck*, this Court entered Judgment dismissing Lavergne's lawsuit on March 10, 2014. [Rec. Doc. 17]. Lavergne filed a Notice of Appeal on March 14, 2014. [Rec. Doc. 18]. Accordingly, the instant Motion is construed as a Motion pursuant to Rule 59(e), FRCP.[1]

---

[1] *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) ("A Rule 59(e) motion is a motion that calls into question the correctness of a judgment."); *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 918 (5th Cir. 1996) (Rule 59(e) applies to motions that "call into question the correctness of the judgment" and are served within the relevant time period). *See also* 11 Charles

Relief under Rule 59(e) is limited to correction for manifest errors of law or fact or in light of newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004). Reconsideration of a judgment after its entry is an extraordinary remedy to be deployed sparingly. *Id.* It is not an appropriate procedural vehicle to pursue reconsideration of arguments previously rejected. *Id.*; *Plaquemines Holdings, LLC v. CHS, Inc.*, 2013 WL 6332151, *3 (E.D. La. 2013) *citing Templet, supra.*

By this Motion, Lavergne seeks reconsideration of arguments previously rejected by this Court. More specifically, the Court has already ruled that *Heck* does apply to plaintiff's claims, including his claims for injunctive relief, and has additionally denied leave to add the Chief of Police as a defendant herein. Moreover, Lavergne has failed to set forth any facts or circumstances which warrant the extraordinary relief associated with the granting of a Rule 59(e) motion. Accordingly;

**IT IS ORDERED** that the instant Motion [Rec. Doc. 20] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 25th day of March, 2014.

                                                                    Richard T. Haik, Sr.
                                                         United States District Judge

---

Alan Wright, *et al.*, Federal Practice and Procedure § 2810.1 at 121 (1995) ("Rule 59(e) covers a broad range of motions, and the only real limitation on the type of motion permitted is that it must request a substantive alteration of the judgment. . . . ").